The case presents three exceptions for consideration. 1st. To the admission of parol evidence of notice of the increased risk. 2d. To the refusal to non-suit for the want of a written
representation as to such risk. 3d. To the charge and refusal to charge.
The parol evidence was, I think, properly admitted; as, independent of the question whether a written representation was necessary by the terms of the policy, it would be proper to show a waiver of such representation by the acts of the parties, and the testimony tended in that direction. The direction upon the card to "renew and re-survey;" the express request for renewal; the explicit communication of the erection of the bakery; the request to the defendants to examine the premises; the secretary's promise to send the company's surveyor to examine the premises; the subsequent renewal of the policy in the light of all this information, constituted together a body of testimony which was admissible on the question of waiver.
The same testimony, as yet unexplained or uncontradicted, furnished a sufficient reason for refusing the motion for a *Page 195 
non-suit, and for subsequently refusing a peremptory instruction to the jury to find for the defendants on account of the omission to communicate in writing the fact of the increased risk, in case they should find such increased risk existed.
The more serious difficulty arises on the charge of the judge that a full and fair verbal communication by the plaintiff to the defendants of the facts constituting the increased risk, if not objected to on the ground that it was not in writing, was, in effect, a waiver of a written communication.
I think a charge in so direct and unqualified a form was error, but did not prejudice the defendants, for reasons to be hereafter stated. The parties had taken pains, by the terms of their contract, to require a written statement of the facts constituting the increased risk. There were reasons for such requisition and mutual protection arising from the frailty and unreliability of oral evidence; and the provision ought not to be regarded as intentionally dispensed with, except upon clear proof of facts constituting an express waiver, or inconsistent with an enforcement of this condition of the contract. There may have been — I think there were — facts on which the plaintiff could properly ask to go to the jury on the question of waiver; and the omission to call for a communication in writing was one. But such omission was not, I think, standing by itself and alone, to be regarded, as the judge in effect instructed the jury, necessarily sufficient and conclusive of an intent to waive a written statement of the facts constituting the increased risk.
The plaintiff's counsel attempts to sustain the decision of the court below by insisting not only that here was ample evidence of a waiver, but also by insisting 1st. That the contract did not, in the present instance, require a written representation. 2d. That a failure to comply with that condition of the contract did not avoid the policy. These suggestions are not without force.
The twelfth condition, on which the question arises, *Page 196 
declares that all insurances, whether original or renewed, shall be considered as made under the original representation, unless varied by a new representation in writing, which new representation it shall be incumbent on the party insured to make in all cases where the risk has been changed.
Now, there is nothing in the case which shows that the original insurance was effected by means of any original representations in writing, or any original representations whatever. It may be that it was procured, as was allowed by the conditions of insurance as to all property in New York or Brooklyn, upon a simple request for that purpose, accompanied by the examination and survey of the defendants' own officers; and that it was upon the latter alone that the defendants relied, when they issued the policy. If so, then the renewed policy would stand upon the same basis, except that the insured would have been guilty of a non-compliance with this clause of the contract in not making a statement in writing of the circumstances producing a change of the risk. It is nowhere stated that such non-compliance by omitting to make a statement in writing shall avoid the policy; nor was it so intended, as will presently be seen by examining the next succeeding clause in the twelfth condition. Hence there was no fraud, misrepresentation, or breach of warranty upon which the defendants could avoid the policy.
But there is a further clause, as the plaintiff contends, and I think properly, which declares what in reference to this subject shall avoid the policy and its renewal, and it is this: If at or before the time of the renewal the risk has been increased and the assured shall fail to give information thereof, said policy and renewal shall be void and of no effect. This information need not be communicated in writing; the terms of the policy do not require it. The verdict of the jury has substantiated the fact that it was verbally given, and hence the policy remains in force.
It is suggested that the policy became void under the *Page 197 
fifth condition, which requires all previous or subsequent insurances to be endorsed on the policy, or otherwise acknowledged in writing; and that as an additional insurance had been effected by the plaintiff, at a higher rate of insurance for the increased risk, and such increased risk had not been noted on the plaintiff's policy, it became void. But there is nothing in the fifth condition which requires either the rate ofinsurance or the increase of the risk in another company to be endorsed or acknowledged on the policy. It appears to be sufficient, as was done in this case, to note the fact and amount of such additional insurance; the object being to make a proper distribution of the amount of the loss between the two companies.
While, therefore, the court below erred in the reason given for the conditional instruction given to the jury in regard to the plaintiff's right to recover, to wit: a waiver of a written communication as to the increased risk by not objecting to a verbal notice, yet inasmuch as the substance of the instruction was correct, to wit: that the plaintiff's right to recover would not be defeated provided he fully and fairly communicated to the defendant the fact of the increased risk, though not in writing; I see no reason for disturbing the judgment of the court below, and am of opinion that it should be affirmed.
All the other judges concurring, Judgment affirmed. *Page 198